1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL LYNN WATERS,

11              Plaintiff,                    No. 2:11-cv-2822 KJN P

12        vs.

13   SGT. T. YBARRA,

14              Defendant.                    ORDER

15   _____/

16              Plaintiff, a state prisoner housed at California State Prison, Sacramento (CSP-

17   SAC), filed a document styled, "Preliminary Injunction, Imminent Danger, Emergency.  To Stop

18   the Evil Intent, Motives Toward Reasonable Safety of Plaintiff and Other Inmates."  (Dkt. No. 1.)

19   Plaintiff seeks a court order enjoining plaintiff's placement on the golf cart that transports

20   inmates with mental health issues to groups.  (Dkt. No. 1 at 3.)  Plaintiff claims that CSP-SAC is

21   the only "PSU[1]-Prison in California" that uses a golf cart in this way.  (Id.)  Plaintiff alleges that

22   while the "PSU inmates" are on the golf cart, they "headbutt, kick, spit[], [and come] out of their

23   handcuffs to fight."  (Id.)  In addition to the injunction, plaintiff seeks monetary damages of

24   $200.00 per day from October 19, 2011.  (Dkt. No. 1 at 2.)

25   _____

26        [1] "PSU" is an acronym for Psychiatric Services Unit.

1

No other pleadings have been filed by the plaintiff.  In order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and plaintiff must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.[2]  See 28 U.S.C. §§ 1914(a), 1915(a).  The court will not issue any orders granting or denying relief until an action has been properly commenced.  Therefore, plaintiff's motion will be denied without prejudice.  Plaintiff will be provided the opportunity to file his complaint, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

Plaintiff is cautioned that a prisoner may not bring a § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Because plaintiff is challenging an action that took place on October 19, 2011, it appears unlikely that plaintiff has exhausted his administrative remedies through the Director's Level of review prior to filing the instant action.  Plaintiff must have exhausted his administrative remedies before filing his claim in federal court.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's October 25, 2011 motion (dkt. no. 1) is denied without prejudice;

2.  Plaintiff is granted thirty days from the date of service of this order to file (a) a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the complaint must bear the docket number assigned this case; plaintiff must file an original and two copies of the complaint; and (b) the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $350.00.  Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed; and

---

[2] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

1          3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

2   civil rights action, and the application to proceed in forma pauperis by a prisoner.

3   DATED: October 27, 2011

4

5                                          KENDALL J. NEWMAN

6                                          UNITED STATES MAGISTRATE JUDGE

7   wate2822.noc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26